**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph FALSIA, Defendant-Appellant.**

**No. 83–5028.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1983.

Decided Nov. 18, 1983.

Kendra S. McNally, Los Angeles, Cal., for plaintiff-appellee.

Thomas J. Nolan, Miller & Nolan, Inc., Beverly Hills, Cal., for defendant-appellant.

Before GOODWIN and ANDERSON, Circuit Judges, and CROCKER,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Joseph Falsia appeals his conviction on charges of conspiracy to distribute and to possess with the intent to distribute cocaine. We affirm.

## I. BACKGROUND

Appellant Falsia was arrested, along with Carlos Ortiz and Francisco Rodriguez, on July 21, 1982. A federal grand jury had returned a three-count indictment charging Falsia and Ortiz with conspiracy to distribute and to possess with intent to distribute cocaine, possession with intent to distribute, and distribution of cocaine. Rodriguez was granted immunity from prosecution in return for testimony against Falsia and Ortiz. After Ortiz twice failed to appear for trial, Falsia's case was severed. Falsia was convicted on the conspiracy charge and acquitted on the other two counts.

Prior to trial, the district court refused to admit evidence of a polygraph test with results favorable to Falsia. The trial court also refused Falsia's requested jury instruc-

tion that Ortiz was a fugitive, unavailable as a defense witness. Falsia alleges error in both of these refusals. Additionally, error is asserted in the district court's denial of Falsia's motion for a new trial, excluding post-trial declarations of three jurors, and prosecutorial misconduct resulting in a denial of the Sixth Amendment right of confrontation.

## II. DISCUSSION

### The Polygraph Evidence

The district court refused to admit into evidence the favorable results of a polygraph test given to Falsia at his attorney's request. Falsia argued admission was essential because his credibility was a central issue in the case and the test results were crucial to bolster that credibility. Falsia laid an extensive background for admission of the polygraph results and urged that these facts be sent to the jury for determination of reliability.

The precedent is clear. Although expert testimony relating to polygraph tests may be admissible, admission or exclusion of the evidence is in the sound discretion of the district court. *United States v. McIntyre,* 582 F.2d 1221, 1226 (9th Cir. 1978). The burden of laying a proper foundation showing the underlying scientific basis and reliability of expert testimony is on the proponent of such evidence. *United States v. Marshall,* 526 F.2d 1349, 1360 (9th Cir.1975), *cert. denied,* 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 376 (1976). Even if Falsia laid a proper foundation, "the district court can consider that introduction of the polygraph evidence will inject a time-consuming, potentially prejudicial and, perhaps, confusing collateral issue into the trial." *Marshall,* 526 F.2d at 1360.

"With the polygraph's misleading reputation as a 'truth teller,' the widespread debate concerning its reliability, the critical requirement of a competent examiner and the judicial problems of self-incrimi-

---

* The Honorable M.D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation.

nation and hearsay, a trial court will rarely abuse its discretion by refusing to admit the evidence, even for a limited purpose and under limited conditions." *Id.* (quoting *United States v. Demma,* 523 F.2d 981, 987 (9th Cir.1975) (en banc)).

■ The great weight of precedent and Fed.R.Evid. 403 require the district court to weigh both sides of admissibility questions. The record of the argument for admission of the polygraph evidence is replete with legal authorities, exhibits, and declarations of experts offered to establish its reliability and credibility. The government opposed admission, offering authorities and exhibits addressing the inherent problems in utilizing polygraph evidence. These difficulties include confusing and time-consuming issues which are injected into the trial, and the misleading appearance of accuracy in polygraph test results. The district court weighed the substantial showing made by Falsia against that of the government; we cannot say he acted improperly in rejecting the polygraph evidence in this case.

*The Jury Instruction*

Error is asserted in the district court's refusal to instruct the jury that Ortiz was a fugitive from justice, unavailable as a witness. Falsia argues that Ortiz was the only person who could corroborate his defense, which centered on his ignorance of the cocaine deal going on around him. Falsia claims that the court erred in not allowing him to explain Ortiz' conspicuous absence because three jurors apparently considered that absence in convicting Falsia.

■ The adequacy of jury instructions is determined by examining them in their entirety. *United States v. Bradshaw,* 690 F.2d 704, 710 (9th Cir.1982). Where the instructions as a whole adequately cover the theory of defense, a refusal to give a requested instruction will not be overturned. *Id.* (quoting *United States v. Kaplan,* 554 F.2d 958, 968 (9th Cir.1977), *cert. denied,* 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977)). A review of the record reveals that the district court properly instructed the jury to consider only evidence pertaining to

Falsia and not to judge him based on the actions of others. (R.T. 63–64). The court properly informed the jurors that Falsia was not required to call any witness and reminded them not to speculate with regard to Mr. Ortiz. (R.T. 64, 378, 389).

■ A defendant is not entitled to a jury instruction where there is no evidence to support it, nor is he entitled to a jury instruction in his own words. *United States v. Bradshaw,* 690 F.2d at 710; *see also United States v. Wright,* 593 F.2d 105 (9th Cir.1979). The record does not require an instruction that Ortiz was absent from the witness stand, therefore unable to corroborate Falsia's story, because he was a fugitive from justice. The record does not establish that Ortiz would have corroborated the story even if he had been present. (R.T. 56, 57).

"To constitute error the rejected instruction must have stated a legitimate defense and evidence supporting the defense must have been before the jury." *United States v. Wright,* 593 F.2d at 107. There was no error on the part of the district court. The instructions that were given were sufficient to adequately cover the theory of defense that was supported by the evidence. (R.T. 377–398).

*The Prosecutor's Closing Statement*

Falsia asserts that the district court erred in failing to give a requested cautionary instruction and denying a motion for mistrial based on a representation made by the prosecutor in closing argument. Falsia argues that the motion should have been granted because the statement was so prejudicial as to require mistrial and it denied Falsia's right to confrontation as guaranteed by the Sixth Amendment.

■ A prosecutor's closing arguments must rise to the level of plain error, causing such prejudice to the defendant that reversal and a new trial is required. *United States v. Suttiswad,* 696 F.2d 645, 653 (9th Cir.1982). Additionally, where the defendant opens the door to an argument, it is "fair advocacy" for the prosecution to enter. *United States v. Mouton,* 617 F.2d

1379, 1384–1385 (9th Cir.1980), *cert. denied*, 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980). Here, the prosecutor's closing argument was supported by the record, it did not rise to the level of "plain error." The defendant "opened the door" to the prosecution's statements during examination of both Rodriguez and Agent Bareng. Even if the prosecutor's statements could be considered "slightly improper," we cannot conclude that it more probably than not affected the verdict so as to require reversal of the district court. *United States v. Valle-Valdez*, 554 F.2d 911, 916 (9th Cir.1977).

In response to the argument that Falsia's Sixth Amendment right of confrontation was denied by the closing argument, we turn to the rule espoused in *United States v. DeLuca*, 692 F.2d 1277 (9th Cir.1982). The rule is that once cross-examination reveals sufficient information to appraise the witnesses' veracity, confrontation demands are satisfied. *Id.*, at 1282. In this case, cross-examination of both Agent Bareng and Rodriguez provided ample opportunity for the jury to assess veracity. Consequently, we uphold the determination of the trial court that a cautionary instruction or declaration of mistrial was unnecessary.

*The Jurors' Declarations*

Following his conspiracy conviction, Falsia moved for a new trial. In support of his motion, Falsia provided declarations from three jurors indicating that Ortiz' absence influenced their deliberations. Falsia claims these declarations are not precluded by Fed.R.Evid. 606(b) because they demonstrate that "extraneous influences entered into jury deliberations to the prejudice of Falsia." Appellant's Brief at page 38. As a result, Falsia argues denial of the motion for new trial and exclusion of the declarations was error.

The district court has discretion over a motion for new trial and there is a "significant burden" on appellant to show an abuse of that discretion. *United States v. Krasny*, 607 F.2d 840, 845–846 (9th Cir. 1979), *cert. denied*, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980). It is clear that

"[t]estimony of a juror concerning the motives of individual jurors and conduct during deliberations is not admissible. Juror testimony is admissible only concerning facts bearing on *extraneous influences* on the deliberation, in the sense of *overt acts of jury tampering*."

*United States v. Pimentel*, 654 F.2d 538, 542 (9th Cir.1981) (emphasis added).

The jurors' declarations did not demonstrate the extraneous influence required by *Pimentel*. This inadequacy caused the affidavits to be inadmissible under Fed.R.Evid. 606(b) and the district court properly excluded them. As a result, Falsia failed to carry the "significant burden" of demonstrating an abuse of discretion by the trial court's denial of a new trial. We find that the district court acted properly in excluding the jurors' declarations and denying the motion for new trial.

III.  CONCLUSION

For the foregoing reasons, the decision of the district court is

AFFIRMED.