967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Russell SIGLER, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Respondent-Appellee.
 No. 91-35918.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 11, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner-Appellant, William Sigler, appeals the denial of his writ of habeas corpus by the district court. Sigler argues that his due process rights were violated because his jury did not understand the jury instructions with respect to the requisite intent required for deliberate homicide. He further argues that the district court erred in refusing to consider juror affidavits on the issue of confusion. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We affirm the judgement of the district court.
 
 DISCUSSION
 
 3
 I. The Lower Court Properly Refused To Consider Juror Affidavits
 
 
 4
 Sigler contends that the district court erred in refusing to consider the juror affidavits which he submitted. He claims that Fed.R.Evid. 606's prohibition against the use of such evidence has been thrown into doubt by recent case law. Sigler's contention is meritless.
 
 
 5
 Sigler cites the cases of Smith v. Phillips, 455 U.S. 209 (1982), Tinsley v. Borg, 895 F.2d 520 (9th Cir.1990), U.S. v. Littlefield, 752 F.2d 1429 (9th Cir.1985), and U.S. v. Bagnariol, 665 F.2d 877 (9th Cir.1982) as cases which have recently "cast doubt on whether Fed.R.Evid. 606(b) has any applicability to criminal cases." Sigler notes that in each of these cases the district court conducted an evidentiary hearing using juror testimony on issues relating to the jury's decisionmaking process. Sigler further notes that none of these courts even bothered to explain why they chose to ignore the proscription against such evidence established by rule 606(b). Sigler thus concludes that the rule simply does not apply in criminal cases. This conclusion is erroneous and Sigler's reliance on the above-mentioned cases is inapposite.
 
 Fed.R.Evid. 606(b) provides that:
 
 6
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. (emphasis added).
 
 
 7
 Generally, Rule 606(b) prohibits the use of juror testimony to challenge a verdict. However, Rule 606(b) also creates two exceptions to that general rule. Juror testimony can be used in cases where the jury may have considered extraneous information or may have been affected by outside influences. The four cases cited by Sigler all fall under the exceptions created in Rule 606(b). In Phillips, the court considered the question of whether there was any inappropriate outside influence generated by a juror's application for employment to the district attorney's office during the trial. In Tinsley, the court considered whether an evidentiary hearing was necessary to decide if the jury had been influenced by statements of a juror about her professional training and experience with rape victims. In Littlefield, the court considered whether the jury in a tax fraud case had been influenced by a Time magazine article on tax fraud which had been brought into the jury room. Finally, in Bagnariol, the court considered whether the extraneous information that a simple library search by a juror had failed to turn up the defendant's fictional corporation affected the jury's verdict. Thus, Sigler's claim that these four cases support his argument that Rule 606(b) does not apply to criminal cases is simply incorrect.
 
 
 8
 Not only do the cases cited by Sigler fail to support his argument, but other existing Ninth Circuit case law directly contradicts it. In fact, when previously presented with this very issue, this court held that juror affidavits may not be used to prove that the jury misunderstood or was confused by a jury instruction. Walker v. United States, 298 F.2d 217, 226 (9th Cir.1962) (affirming district court's refusal to consider juror affidavit concerning alleged misunderstanding by the jury of an entrapment instruction). Since that ruling, this court has consistently refused to hear juror testimony challenging a verdict except in the two situations outlined in Rule 606(b). See Tanno v. S.S. President Madison Ves, 830 F.2d 991 (9th Cir.1989); Abatino v. United States, 750 F.2d 1442 (9th Cir.1985); United States v. Falsia, 724 F.2d 1339 (9th Cir.1983); United States v. Rohrer, 708 F.2d 429 (9th Cir.1983); United States v. Pimentel, 654 F.2d 538 (9th Cir.1981). Therefore, we hold that the district court properly refused to consider the juror affidavits submitted by Sigler in ruling on the issue of juror confusion.
 
 II. The Jury Instructions Were Adequate
 
 9
 Sigler contends that the state trial court violated his due process rights by failing to instruct the jury on the issue of specific intent, thereby creating juror confusion. A federal court may overturn a conviction on a writ of habeas corpus where the petitioner alleges a faulty jury instruction, but only when the instruction "so infect[s] the entire trial that the resulting conviction violates due process." Willard v. California, 812 F.2d 461, 463 (9th Cir.1987).
 
 
 10
 The instructions in this case did not violate due process. Specific intent is not an element of deliberate homicide under Montana law. State v. Sigler, 688 P.2d 749, 757 (Mont.1984). Thus, a failure to instruct on the issue does not violate due process. See Willard v. California, 812 F.2d 461, 463 (9th Cir.1987) (federal due process does not require that specific intent be an element of all criminal offenses). Furthermore, the jury instructions properly informed the jury that in order to convict Sigler of deliberate homicide, the state had to prove beyond a reasonable doubt that he acted purposely in hitting the child and that he was aware that that action could result in serious injury. The instructions pertaining to the requisite intent were adequate under Montana law. State v. Sigler, 688 P.2d 749, 757 (Mont.1984).
 
 
 11
 Sigler claims that the confusion with respect to intent resulted in the jury failing to consider the lesser included offense of negligent homicide. This claim is without merit. First, negligent homicide is not a lesser included offense of deliberate homicide. Mont.Code Ann. § 45-5-104(2) (1991). Second, the jury was instructed on the elements of negligent homicide. Lastly, the jury was not required to consider lesser included offenses if it found that the state had proved the charge of deliberate homicide. The crux of Sigler's complaint is that specific intent is not a required element of deliberate homicide. However, the jury only had to find that Sigler intended to hit the child and knew that such a blow could seriously injure the child. The jury so found. Thus, no consideration of negligent homicide was necessary.
 
 
 12
 The judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3