977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
John Leonard ORR, Defendant-Appellee.
 No. 92-50235.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1992.
Decided Oct. 14, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review an interlocutory appeal from the district court's order to excluded evidence of a manuscript authored by John Orr. Orr was the chief arson investigator in the Glendale Fire Department who was charged with five counts of arson and three counts of attempted arson. His manuscript is about a Los Angeles firefighter who sets serial arson fires. The arsonist's modus operandi in the manuscript is strikingly similar to the modus operandi of the actual arsonist.
 
 
 3
 Orr filed a motion in limine to exclude the manuscript and related letters to Orr's literary agent as hearsay. The district court granted the motion to exclude the manuscript and any references to it, not because it was hearsay, but because the district court believed the prejudicial effect of the manuscript was too great when examined under of Fed.R.Evid. 403.
 
 
 4
 The district court found the manuscript was prejudicial because "the points of origin and methods of starting the arson fires described in the manuscript do not appear to the Court to be so unique as to justify the conclusion that defendant must have had first-hand knowledge of the facts and circumstances underlying the arson fires charged against him." In the order, the district court stated that it found the "claimed similarities between the events in the manuscript and the actual events underlying the crimes charged in the indictment ... are not ... sufficiently probative to substantially outweigh the tremendous prejudice to defendant."
 
 
 5
 We review that order, and respectfully hold that the district court abused its discretion in excluding this evidence. United States v. Joetzki, 952 F.2d 1091, 1094 (9th Cir.1991) ("[w]e review decisions under Rule 403 for abuse of discretion).
 
 
 6
 The manuscript and letters are highly probative of modus operandi and thus the identity of the arsonist. The following list describes only some of the many key similarities that exist between the protagonist in the manuscript and the actual arsonist:
 
 
 7
 1. Both are firefighters.
 
 
 8
 2. Both are non-smokers.
 
 
 9
 3. Both use a delay incendiary device designed to fully ignite the fire approximately ten to fifteen minutes after the device is in place.
 
 
 10
 4. In one draft of the manuscript it describes a match attached to a cigarette and placed inside a paper bag--similar to the actual facts: matches attached to a cigarette and placed inside yellow lined paper.
 
 
 11
 5. Both start fires in retail stores located in Los Angeles during business hours and both place the incendiary device in combustible materials located in the store.
 
 
 12
 6. Both start fires in the drapery section of a Los Angeles fabric store.
 
 
 13
 7. Both start fires in a display of styrofoam products.
 
 
 14
 8. Both start fires in hardware stores.
 
 
 15
 9. Both start fires at several retail stores in close proximity to one another within a short time span on the same day.
 
 
 16
 10 Both start fires in the same locations while both the character and actual arsonist were traveling to or from arson investigator's conferences in Fresno.
 
 
 17
 To properly decide that evidence is overly prejudicial, a court must determine whether "the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case." United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988); see also United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir.1990) (Fed.R.Evid. 403 evidence is that which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case" (quotations omitted)), cert. dismissed, 112 S.Ct. 353 (1991).
 
 
 18
 In the instant case, the descriptions in the manuscript only relate to "the established facts and legal propositions in the case." Bowen, 857 F.2d at 1341. We are not dealing with a tape where the jury would have to "ignore the sounds of innocent infants crying (and presumably dying) in the background." United States v. Layton, 767 F.2d 549, 556 (9th Cir.1985). Clearly Layton was a case where the crying infants would have had a distracting emotional impact on the jury and could prevent the jury from focusing on the relevant facts and legal propositions. The evidence that is the subject of this case has no collateral aspects capable of generating prejudice against the defendant. The disputed evidence is directly relevant to the issue of the identity of the arsonist responsible for the fires at issue, and it does not introduce any extraneous considerations into the case that might inappropriately lead a jury astray. In this context, it was a mistake for the district court to view the highly probative aspect of this evidence as "prejudicial."
 
 
 19
 Therefore, "[h]aving carefully evaluated all of these factors, we hold that the evidence ... was properly admissible because it was so highly relevant to proof of modus operandi and identity." United States v. Bailleaux, 685 F.2d 1105, 1112 (9th Cir.1982).
 
 
 20
 REVERSED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 21
 Because I have serious doubts about the wisdom and necessity of reaching the merits, as well as about the majority's reasoning on the merits, I dissent. I would remand to the district court for reconsideration of its ruling in light of subsequent developments.
 
 
 22
 Initially, I note that the majority reaches its holding of abuse of discretion without fully considering the district court's reasons for exclusion. The district court apparently had two concerns, one the majority ignores and the other it concludes is an inappropriate factor under Rule 403. Because I believe both are legitimate concerns, I would not hold that the district court abused its discretion.
 
 
 23
 One of the district court's concerns was that the jury might give undue weight to Orr's manuscript by failing adequately to consider possible innocent explanations for the similarities between the events described in the manuscript and the crimes charged. Specifically, the district court concluded that the jury might tend too easily to dismiss Orr's alternative explanation for the descriptions in the manuscript--his access to arson files, including those for cases substantially similar to those in his manuscript. In short, the district court was concerned about possible jury over-reliance on the manuscript.
 
 
 24
 The majority apparently concludes that this consideration cannot constitute "unfair prejudice" under Rule 403 because it is not unrelated to "established facts and legal propositions." United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988). The majority also notes that this case is not an example of dying babies, but that self-evident proposition does nothing to demonstrate how the cryptic generality from Bowen applies to Orr's manuscript. In my view, interpreting Bowen, as the majority does, to require that unfair prejudice under Rule 403 flow solely from "collateral aspects" or "extraneous considerations" ignores both the Federal Rules and our own past precedent.
 
 
 25
 First, the Federal Rules of Evidence do not require that "unfair prejudice" result from a collateral source. To the contrary, the inadmissibility of propensity evidence under Rule 404(a) is in part based on the very type of over-reliance concern expressed by the district court here--the apprehension that the jury will give undue weight to the inference intended by the offeror and will ignore any rebuttal to the inference. Long before the Federal Rules of Evidence were adopted, the Supreme Court explained that character evidence has been traditionally rejected "not ... because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one." Michelson v. United States, 335 U.S. 469, 475-76 (1948).
 
 
 26
 In addition, our prior rulings on the inadmissibility of the results of polygraph examinations reflect the same concerns expressed by the district court here, and demonstrate that, under Rule 403, the trial judge may legitimately consider the possibility of jury over-reliance. In excluding polygraph evidence, we noted that the "view of the polygraph as an absolute indicator of truth creates an overwhelming potential for prejudice." Brown v. Darcy, 783 F.2d 1389, 1396 (9th Cir.1986); see also United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir.1983) (polygraph's "misleading appearance of accuracy" is factor to be weighed under Rule 403). Thus, we were concerned that the jury might rely too heavily upon polygraph results as an indicator of the truth and give insufficient attention to alternative, innocent explanations for passing or failing a polygraph examination. This concern is not "collateral" or "extraneous," but directly related to the probativeness of the polygraph. Taking into account our polygraph cases, I find it difficult to say that the district court abused its discretion by applying similar concerns about jury over-reliance to Orr's manuscript.
 
 
 27
 Moreover, apart from possible jury over-reliance, the district court had a related concern, which it termed "bootstrapping," that the majority entirely fails to address. Orr's manuscript not only describes fires similar to those charged in this case, but also describes fires in Bakersfield, Fresno, and Tulare; Orr was charged with setting the San Joaquin Valley fires, but those charges are not a part of this action. The district court concluded that there was an insufficient basis to introduce the Fresno and Tulare fires as other acts of Orr under Rule 404(b). Having so concluded, the district court determined that admitting Orr's manuscript with its descriptions of these fires would constitute unfair prejudice. The district court was properly concerned that the government could evade the court's adverse 404(b) ruling by introducing the manuscript and inviting the jury to infer that each fire described was based upon an actual arson committed by Orr.
 
 
 28
 Even under the majority's dubious "collateral aspect" rule, the district court's "bootstrapping" concern was proper. Once the district court determined that the Tulare and Fresno fires were inadmissible under Rule 404(b), their description in Orr's manuscript were no longer related to "established facts and legal propositions"; they had become "collateral." The district court concluded that these "collateral aspects" created a significant danger of unfair prejudice, and excluded the manuscript. Under the majority's own reasoning, this conclusion would seem appropriate, yet the majority finds an abuse of discretion without even addressing the district court's "bootstrapping" concern.
 
 
 29
 Because I believe the majority's approach to Rule 403 is both unprecedented and erroneous, and because I believe the majority violated even its own rule by ignoring a significant rationale offered by the district court, I would not find an abuse of discretion here. My unwillingness to join the majority is further supported by the material change in circumstances that has occurred since the district court issued its ruling. Orr has now been found guilty of setting fires in the San Joaquin Valley. That verdict might well ameliorate or eliminate the district court's "bootstrapping" concern. It also might affect the district court's view of the over-reliance issue. Alternatively, of course, the district court might conclude that the possibility of over-reliance remains a sufficient reason to exclude the manuscript. In either event, the district court should be allowed to reconsider its ruling in light of the changed circumstances.
 
 
 30
 While permitting the government to take pre-trial appeals from evidentiary rulings may have merit when the ruling is final and irrevocable, there is no justification for such an extraordinary procedure when events demonstrate that the judge might change his ruling prior to trial. Here, the changed circumstances provide just such a case. Thus, I strongly disagree with my colleagues' conclusion that we have an obligation to reach the merits now.
 
 
 31
 I would order a limited remand to permit the district court to address anew the question of the admissibility of Orr's manuscript at trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3