29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE of the Territory of Guam, Plaintiff-Appellee,
v.
Abraham C. CASTRO, Defendant-Appellant.
 No. 93-10251.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided June 28, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham Camacho Castro challenges the affirmance of his conviction by the District Court of Guam, Appellate Division, on four counts of aggravated assault, four counts of misdemeanor assault, unlawful discharge of a firearm and four special counts of possession and use of a deadly weapon in the commission of a felony. We have jurisdiction pursuant to 48 U.S.C. Sec. 1424-3(c), and we affirm.
 
 
 3
 * Castro contends the trial court erroneously instructed the jury on an objective standard for self-defense because Guam's law on self-defense, 9 G.C.A. Sec. 7.84, requires a subjective standard.
 
 
 4
 We review jury instructions de novo. United States v. Mundi, 892 F.2d 817, 818 (9th Cir.1989). An erroneous jury instruction requires reversal of the conviction unless it was "harmless beyond a reasonable doubt." United States v. Rubio-Villareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992) (en banc). An error is harmless unless there is a "reasonable possibility that the error materially affected the verdict." Id.
 
 
 5
 We need not decide whether the jury instruction was improper because we conclude that the error, if any, was harmless. The charges against Castro arose from a shooting which occurred following an incident in a bar. The trial court instructed the jury that the charges pertained only to Castro's activities outside the bar. Jurors are presumed to follow their instructions. Richardson v. Marsh, 481 U.S. 200, 211 (1987). The self-defense instruction therefore was relevant only to events which occurred outside the bar. It is undisputed that the men were shot at while running away; one shot entered the back of a victim. Based on these facts, no jury could have reasonably concluded that Castro subjectively believed his life to be in danger.
 
 II
 
 6
 Castro contends there were insufficient facts to warrant the giving of an aiding and abetting instruction. We review the district court's determination whether there was a factual basis for giving such an instruction for an abuse of discretion. We review related issues of law de novo. United States v. Taren-Palma, 997 F.2d 525, 530 (9th Cir.1993).
 
 
 7
 A defendant is guilty of aiding and abetting when: (1) he has specific intent to facilitate the commission of a crime by another, (2) he has the intent required for the commission of the underlying offense, (3) he assisted or participated in the commission of the offense, and (4) someone committed the offense. United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988). In this case, there was evidence in the record supporting the theory of aiding and abetting. Four witnesses testified that Castro fired his weapon at the fleeing men. Circumstantial evidence connected Castro to the assault. Bullets from Castro's firearm were recovered at the scene. From this evidence, the jury reasonably could have concluded that Castro fired his weapon and, by doing so, aided and abetted Palacios. See id. (person may act as principal but also be aider and abettor). The aiding and abetting instruction was properly given.
 
 III
 
 8
 Castro contends that an affidavit from a witness who changed her account is "newly discovered evidence" justifying retrial. To obtain a new trial based on newly discovered evidence, Castro must show the evidence: (1) is newly discovered and was unknown to the defendant at trial, (2) is material to issues at trial, (3) is not cumulative, (4) will probably produce an acquittal, and (5) was not discovered due to any lack of diligence. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). We review the trial court's denial of the motion for abuse of discretion. United States v. Lockett, 919 F.2d 585, 591 (9th Cir.1990).
 
 
 9
 The testimony of the witness, Karen Stewart, does not meet the above criteria. Information is not "newly discovered" merely because a witness who decided to remain silent changes her mind. Cf. United States v. Diggs, 649 F.2d 731, 740 (9th Cir.1981) (evidence is not "newly discovered" when a co-defendant who earlier chose not to testify later offers exculpatory testimony regarding the defendant). Second, the evidence is cumulative; it merely restates the same version of events given by the defense witnesses. Third, the testimony is unlikely to produce an acquittal. While Stewart's affidavit somewhat bolsters Castro's claim that only one person fired at the victims, her affidavit suggests she cannot identify the person who fired at the victims. Her testimony is not clearly exculpatory. Her credibility also would be open to impeachment, given her prior inconsistent statement regarding what she saw. In contrast, three disinterested witnesses and Castro's accomplice testified that Castro fired his weapon at the fleeing victims. It is unlikely that Stewart's testimony would be sufficient to create reasonable doubt. The trial court properly denied the motion for new trial.
 
 IV
 
 10
 Castro contends that his trial attorney provided ineffective assistance of counsel by telling the court and the prosecutor that defense witness Chris Olivares, the sole witness to corroborate Castro's testimony, might be drinking alcohol on the day he appeared in court. As a consequence of his attorney's remark, Castro asserts, both the court and prosecutor extensively examined Olivares about his drinking habits and his powers of perception on the night of the shooting. Castro claims Olivares' testimony was effectively discredited. Castro also contends that his attorney committed further error by failing to rehabilitate Olivares' credibility.
 
 
 11
 We do not generally review ineffective assistance claims on direct appeal. United States v. Rewald, 889 F.2d 836, 859 (9th Cir1989). This is particularly true when the trial attorney represents the defendant on direct appeal. Such an attorney may overlook ineffective assistance claims or, if he raises them, may pursue them with diminished vigor. Unless counsel's performance was "so inadequate as obviously to deny [the defendant] his sixth amendment right," the proper avenue for an ineffective assistance claim is by collateral attack, such as a Sec. 2255 habeas proceeding, so that the factual record can be more fully developed. Id.
 
 
 12
 On this appeal, Castro is represented by his trial attorney. This raises a possible conflict, as the appellate attorney is acting as both witness and counsel with regard to the ineffective assistance claim. Castro's claim of ineffective assistance is more appropriately addressed through a collateral attack, where the record can be more fully and fairly developed.
 
 V
 
 13
 During closing argument, the prosecutor stated that the defendant admitted carrying a firearm into the bar, which she noted was "not a shooting range." Castro's attorney made no objection. Castro argues that he was "colored a conscienceless criminal" by the prosecutor's comment.
 
 
 14
 Because Castro failed to object, we review for plain error. United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir.1983). Improper comments are grounds for a new trial only when the misconduct deprives the defendant of a fair trial. United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991). The comment must be judged in context; if the comment was isolated and not inflammatory, reversal is not warranted. Id.
 
 
 15
 The prosecutor made the remark in order to attack the credibility of Castro's claim that he brought the firearm unloaded into the bar and had loaded it during the bar fight. Viewed in the context of the closing argument, the comment does not seem unfair. There was no plain error.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3