32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime RODRIGUEZ-RONCANCIO, Defendant-Appellant.
 No. 93-50664.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1994.*
Decided Aug. 8, 1994.
 
 1
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I. Pretrial Identification
 
 3
 Rodriguez-Roncancio can not challenge the admission of the pretrial identification since Rodriguez-Roncancio, not the government, introduced the evidence. See United States v. Miller, 771 F.2d 1219, 1234 (9th Cir.1985) (appellant can not challenge testimony elicited on cross-examination by defense counsel).
 
 II. Cross Examination
 
 4
 The district court did not abuse its discretion by prohibiting Rodriguez-Roncancio from cross-examining Perez about a prior misidentification of a different suspect. Contrary to Rodriguez-Roncancio's assertion, the court did not prohibit cross-examination "on the issue of Perez's ability to perceive and remember." The court explicitly informed Rodriguez-Roncancio his cross-examination could cover Perez's biases as well as his ability to identify Rodriguez-Roncancio.
 
 
 5
 Rodriguez-Roncancio's cross-examination included questions pertaining to (1) Perez's ability to identify Rodriguez-Roncancio; (2) the accuracy of Perez's written description of the suspect; (3) the similarity between the appearance of other suspects and Rodriguez-Roncancio; and (4) Perez's initial identification of Rodriguez-Roncancio from a single driver's license photograph. The jury received "sufficient information to appraise the biases and motivations" of Perez. See United States v. Guthrie, 931 F.2d 564, 567-68 (9th Cir.1991).
 
 III. Search
 
 6
 The district court did not err by finding Rodriguez-Roncancio voluntarily consented to the search of his house.[1] See United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988). The government presented evidence showing: (1) the police read Rodriguez-Roncancio his Miranda rights prior to obtaining his consent; (2) Rodriguez-Roncancio began reading the form aloud before signing it; (3) Rodriguez-Roncancio signed the consent form; (4) the consent form stated he did not have to consent; (5) the police did not threaten him; and (6) the police informed Rodriguez-Roncancio they needed his permission to search. The testimony of Rodriguez-Roncancio's mother-in-law did not conflict with the government's evidence. Rodriguez-Roncancio did not testify or submit a declaration stating his consent was involuntary.
 
 IV. Criminal History Evidence
 
 7
 If the district court erred in excluding Rodriguez-Roncancio's testimony that he did not have a criminal record, the error was harmless. Evidence of a lack of a prior criminal history is of low probative value. United States v. Blackwell, 853 F.2d 86, 88 (2nd Cir.1988). "[I]n view of the relatively low probative value of such evidence, particularly when coming from the defendant, refusal to admit such evidence, even if error, would be harmless." Government of Virgin Islands v. Grant, 775 F.2d 508, 513 (3rd Cir.1985).
 
 V. Prosecutor Misconduct
 
 8
 The prosecutor did not improperly comment on Rodriguez-Roncancio's failure to present evidence. "The prosecutor can comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify." United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991). Moreover, the prosecutor's comments were directed at Rodriguez-Roncancio's failure to present evidence supporting the facts his defense counsel argued in her closing argument. See United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir.1983) ("where defendant opens the door to an argument, it is fair advocacy for the prosecution to enter") (citation and internal quotation omitted).
 
 VI. Acquittal
 
 9
 The district court did not commit plain error by denying Rodriguez-Roncancio's Fed.R.Crim.P. 29 motion for acquittal. The government presented sufficient evidence for "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (internal quotations and citation omitted). The government presented testimony showing: (1) the government's "front" business laundered drug proceeds for Botero; (2) Botero informed Brana, the informant, he was a money broker for Colombian cartels and their money derived from cocaine; (3) Botero initiated the pickup of the $250,000; (4) Rodriguez-Roncancio used codes and drove in a counter surveillance manner when delivering the money; (5) Rodriguez-Roncancio delivered the money to a man he had never seen and did not exchange names or obtain a receipt; (6) the $250,000 Rodriguez-Roncancio delivered was in denominations consistent with drug trafficking; (7) after the delivery of the $250,000, the money was transferred to Colombia pursuant to Botero's instructions; (8) four months after Rodriguez-Roncancio delivered the $250,000, Rodriguez-Roncancio had $68,000 in his bathtub and the money was in denominations consistent with drug trafficking; and (9) during the two year investigation, the drug enforcement agency's "front" business laundered approximately six million dollars for Botero.
 
 VII. Sentencing
 
 10
 The district court correctly increased Rodriguez-Roncancio's base offense level. The factors discussed in section VI support the court's finding that the money was drug proceeds.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and legal arguments and they will not be repeated here