**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10258 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00055-FMTG-1 |
| v. | |
| JACOB V. MANIBUSAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted June 11, 2013**
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

A jury found Jacob Manibusan guilty of Financial Institution Fraud under 18

U.S.C. § 1344 after he made false statements to the Navy Federal Credit Union in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his application for a car loan.  We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.  We affirm.

Manibusan moved in limine to exclude government exhibits showing computer screen printouts containing information that he relayed over the phone to credit union employees who entered it into the computer system.  The district court recognized the exhibits as double-hearsay, but denied the motion on the grounds that the exhibits fell within the business records exception under Federal Rule of Evidence 803(6) and that the statements from Manibusan to the credit union employees were non-hearsay party opponent admissions pursuant to Federal Rule of Evidence 801(d)(2).  Manibusan's argument on appeal is premised on his assertion that he did not place the calls to the credit union and that the government failed to show that he was the source of the information entered into the computer.  Although Manibusan's self-identification alone may not have been enough to satisfy the authentication or identification requirement of Federal Rule of Evidence 901, Manibusan also verified his access account number, date of birth, and the last four digits of his Social Security number and knew about his loan application.  *See* Advisory Committee Note to Rule 901(b)(4) ("[A] . . . telephone conversation may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him . . . .").  This evidence provided

sufficient authentication of Manibusan's identity to sustain the trial court's holding under Federal Rule of Evidence 801(d)(2). *See United States v. Miller*, 771 F.2d 1219, 1234 (9th Cir. 1985).

Manibusan's only argument to defeat admission under the business records exception is that the government did not prove that he was the caller. His reliance on *United States v. Patrick*, 959 F.2d 991 (D.C. Cir. 1992), is misplaced. Unlike in *Patrick*, Manibusan's statements to the credit union are not hearsay because they were not introduced for the truth of the matter asserted. *See United States v. Gibson*, 690 F.2d 697, 700 & n.1 (9th Cir. 1982).

Manibusan's final argument with regard to this evidence is that it should have been excluded under Federal Rule of Evidence 403 as unfairly prejudicial because the exhibits "all contain the name Jacob Manibusan on them, and would certainly lead the viewer . . . to believe that Jacob Manibusan provided the information . . . contained in those Exhibits." Again, this relies on his contention that the government failed to prove that he was the caller. Since that argument failed, so must his argument under Rule 403.

The district court did not abuse its discretion when it admitted this evidence. *See, e.g., United States v. Cherer*, 513 F.3d 1150, 1157–59 (9th Cir. 2008) (finding

potential prejudice did not render evidence inadmissible when probative of identity and intent, issues which the defendant had made relevant).

The district court did not abuse its discretion when it eliminated Paragraph Ten of the second superseding indictment. *See United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). Paragraph Ten stated, "It was further part of the scheme that defendant JACOB V. MANIBUSAN would and did default on the loan." "It is well settled that a portion of the indictment that the evidence does not support may be withdrawn from the jury, and this is not an impermissible amendment, provided nothing is thereby added to the indictment, and that the remaining allegations charge an offense." *United States v. Wellington*, 754 F.2d 1457, 1462 (9th Cir. 1985) (internal quotation marks omitted). Whether Manibusan defaulted on the loan was not relevant to whether he violated 18 U.S.C. § 1344.

The district court did not abuse its discretion when it precluded Manibusan from presenting evidence regarding his repayment of the loan. It was not relevant. *See* FED. R. EVID. 402. "While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all." *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986).

Finally, the district court did not abuse its discretion by denying Manibusan's motion for a new trial based on alleged prosecutorial misconduct. *See United States v. Murillo*, 288 F.3d 1126, 1140 (9th Cir. 2002). Even if the prosecutor's comments were improper, they did not amount to plain error that prejudiced Manibusan such that a new trial was necessary. *See United States v. Falsia*, 724 F.2d 1339, 1342 (9th Cir. 1983). "Every slight excess of a prosecutor does not require that a verdict be overturned and a new trial ordered." *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir. 1988). "A judge's prompt corrective action in response to improper comments usually is sufficient to cure any problems arising from such improper comments." *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006). The prosecutor's brief reference to Manibusan stealing money was cured by the judge's prompt instruction thereafter informing the jury that Manibusan had, in fact, settled the loan—this was sufficient to ameliorate any prejudice that may have resulted. Moreover, the fact that Manibusan was acquitted of several charges indicates that "the prosecutor's remarks did not undermine the jury's ability to view the evidence independently and fairly." *United States v. Young*, 470 U.S. 1, 18 n.15 (1985).

**AFFIRMED.**

5