956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando CERVANTES, Defendant-Appellant.
 No. 91-50011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 14, 1992.
 
 Before WALLACE, Chief Judge, JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Cervantes appeals his conviction on one count of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 Counsel for Cervantes requested the trial judge give a jury instruction on withdrawal from a conspiracy. The court refused, finding that withdrawal was not a valid theory in the case.
 
 
 4
 Because the standard by which we review a trial judge's refusal to give a proposed jury instruction is somewhat unclear, see United States v. Ayers, 924 F.2d 1468, 1475 (9th Cir.1991), we have applied the stricter de novo standard. See United States v. Doubleday, 804 F.2d 1091, 1093 (9th Cir.1986). The district court commits reversible error by refusing to instruct the jury on the defendant's theory of the case if the theory is legally sound and evidence in the case makes it applicable. Id. at 1095. A defendant is not entitled to a jury instruction where there is no evidence to support it. Id. (quoting United States v. Falsia, 724 F.2d 1339, 1342 (9th Cir.1983)).
 
 
 5
 We agree with the district court's assessment that there was no evidence in the case to support a defense of withdrawal from the conspiracy. Cervantes argues that his requests to Davila to "get rid" of the cocaine show that he attempted to withdraw from the conspiracy. However, in order to avoid complicity in a conspiracy, one must withdraw before any overt act is taken in furtherance of the agreement. United States v. Sarault, 840 F.2d 1479, 1487 (9th Cir.1988) (citing United States v. Loya, 807 F.2d 1483, 1493 (9th Cir.1987)). Even if Cervantes' requests constituted a "disavowal of the conspiracy or an affirmative action that would have defeated the purpose of the conspiracy," see United States v. Smith, 623 F.2d 627, 631 (9th Cir.1980), they occurred too late. Cervantes had already committed numerous overt acts in furtherance of the conspiracy. For example, he had: picked up the cocaine that he knew would be delivered to a third party; hidden the drugs in the speaker of the car; driven the car to San Diego; and negotiated the sale with the undercover agent.
 
 
 6
 Since the evidence could not support a withdrawal theory, the district court did not err in refusing to instruct on withdrawal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3