**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Carlos ZUNIGA, Defendant–Appellant.**

**No. 92–10284.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1993.

Decided April 2, 1993.

John R. Hannah, Asst. Federal Public Defender, Phoenix, AZ, for defendant-appellant.

William Allen Stooks, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

---

Before: CHOY, PREGERSON, and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge:

Juan Carlos Zuniga was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to prison. He appeals because the trial court failed to give the jury an alibi instruction. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

At 5:45 p.m., April 19, 1991, the Valley National Bank in Phoenix, Arizona was robbed. A lone robber gave a bank teller a demand note that stated: "4,000 or I'll blow your head off. At you a gun I got pointed." The teller gave the robber $1,705.00. Once the robber left the bank, an off-duty police officer, who was a customer of the bank, shouted that there were "two black men" in the robber's getaway car. Police traced the license plate number of the getaway car to Andres Gonzales Portal.

Portal told police that he had driven to the bank on April 19 with a friend, Damaso Olivera, and a casual acquaintance, Juan Zuniga. Portal, like Zuniga, is a heavy-set Black man of medium height, with a medium complexion, who speaks with a Cuban accent. Portal stated that only Zuniga had entered the bank, for about ten minutes. Portal also stated that he had no knowledge of any robbery occurring in the bank.

Police then questioned Olivera, who also stated that he had no knowledge of the robbery and that only Zuniga had gone into the bank on the day in question. Olivera also testified that he, Portal, and Zuniga drove around for 35 to 40 minutes after leaving the bank. Based on Portal's and Olivera's statements, the police arrested Zuniga and charged him with bank robbery in violation of 18 U.S.C. § 2113(a). Upon arrest, police seized a striped shirt from Zuniga's apartment that was similar to one worn by the bank robber. Later, the victim teller identified Zuniga from a photographic lineup. A police officer testified that when he questioned Zuniga alone, Zuniga identified himself in a bank surveillance photo. This admission was neither recorded nor substantiated by another officer.

At trial, defense counsel argued that Portal, who looks like Zuniga and owns a baseball cap like the one worn by the robber, was in fact the man who robbed the bank. Defense counsel also presented alibi testimony from Zuniga's wife, Tammi Woods. Woods testified that Zuniga was at home with their baby when she returned from work on April 19, 1991. Based on the time she regularly leaves work and on bus schedules, Woods testified that she arrived home at "5:15, 5:30, [or] the latest, 6:00 [p.m.]." Based on this testimony, defense counsel asked the court to give Ninth Circuit Model Jury Instruction 6.01, concerning alibi. This instruction states:

> The defendant has introduced evidence to show that he was not present at the time and place of the commission of the offense charged in the indictment. The government has the burden of establishing beyond a reasonable doubt the defendant's presence at that time and place. If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, you must find the defendant not guilty.

The issue presented by this appeal is whether the district court committed reversible error by refusing to instruct the jury on Zuniga's alibi defense. We have not yet decided whether to review a district court's denial of a proposed jury instruction de novo or for abuse of discretion. See United States v. Frank, 956 F.2d 872, 879 (9th Cir.1992) (citing United States v. Slaughter, 891 F.2d 691, 699 (9th Cir. 1989)). We need not resolve this issue on this appeal because the result would be the same under either standard.

■ "A defendant is entitled to an instruction concerning his [or her] theory of the case if it is supported by law and has *some foundation in the evidence*." United-ed States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990) (emphasis added) (citing United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990)).

Even if the alibi evidence is "weak, insufficient, inconsistent, or of doubtful credibility," the instruction should be given. *United States v. Washington*, 819 F.2d 221, 225 (9th Cir.1987) (citing *United States v. Doubleday*, 804 F.2d 1091, 1095 (9th Cir.1986), *cert. denied*, 481 U.S. 1005, 107 S.Ct. 1628, 95 L.Ed.2d 201 (1987)).

 As stated above, Zuniga's wife, Tammi Woods, testified that on April 19, 1991 she arrived home at "5:15, 5:30, [or] 6:00 [p.m.] at the latest." At that time, she found Zuniga at home, caring for their daughter. Their daughter was not dressed as if she had been outside. Woods further testified that she firmly believed that Zuniga would not leave the child at home alone.

The robbery occurred at 5:45 p.m. Olivera told police that he, Portal, and Zuniga drove around for an additional 35 to 40 minutes after leaving the bank. Woods' testimony, standing alone, was sufficient to create an issue as to Zuniga's whereabouts at the time and place of the bank robbery. Therefore, the requested alibi instruction should have been given.[1]

 The prosecution contends that even if the district court erred in refusing to instruct the jury on Zuniga's alibi defense, such error was harmless. Our precedent does not support this argument. We have held that failure to instruct the jury on the defendant's theory of the case, where there is evidence to support such instruction, is reversible per se and can never be considered harmless error. *See United States v. Escobar De Bright*, 742 F.2d 1196, 1201 (9th Cir.1984) ("[O]ur cases must be read as meaning that a failure to instruct the jury on the defendant's theory of the case is reversible per se.... The right to have the jury instructed as to the defendant's theory of the case is one of those rights 'so basic to a fair trial' that failure to instruct where there is evidence

to support the instruction can never be considered harmless error."). The trial court, however, is not required to give a particular instruction regarding the defense's theory of the case so long as the court's instructions adequately cover the subject. If the instructions adequately cover the theory of the defense, there is no error. *See Mason*, 902 F.2d at 1438.

We review de novo the issue whether the trial court's instructions adequately covered Zuniga's alibi defense. *See id.* The record shows that none of the court's instructions addressed the alibi defense. Accordingly, the court's failure to give an adequate instruction on Zuniga's alibi defense theory requires reversal of his conviction and a remand for a new trial.

**REVERSED AND REMANDED.**

---

1. The Second Circuit provides guidance on the issue of instructing the jury on an alibi defense. In *United States v. Burse*, 531 F.2d 1151, 1153 (2d Cir.1976), the court observed:

Failure to establish an alibi does not properly constitute evidence of guilt since it is the burden of the government to prove the [guilt] of the defendant ... while jurors are apprised in general terms of the government's burden to prove each element of the charged offense beyond a reasonable doubt, this broad admonition as to the government's obligations will not suffice under circumstances such as those [involved in an alibi defense].... Only a specific instruction can insure that this problem will not occur.