8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Elena HURTADO, Defendant-Appellant.
 No. 93-50086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Oct. 12, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On December 10, 1992, Maria Hurtado was convicted after a jury trial of conspiracy to possess and distribute cocaine and heroin, and possession of approximately one kilogram of cocaine and one kilogram of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 1, 1993, Hurtado was sentenced to concurrent sentences of 121 months imprisonment followed by five years supervised release on each count. Hurtado appeals from the convictions and the sentence.
 
 
 3
 Hurtado first contends that the district court erred when it declined to give Hurtado's proposed alternative jury instruction covering her theory of defense, and instead gave the government's corresponding proposed instruction. Hurtado did not object to the government's proposed jury instruction at any time before the jury retired, but she did offer an alternative instruction. Fed.R.Crim.P. 30 requires that any objection to an instruction must be made before the jury retires.
 
 
 4
 This court has held that a proper objection requires a distinct statement of the matter objected to, and the grounds of the objection. United States v. Williams, 990 F.2d 507, 511 (9th Cir.1993). Merely offering an alternative instruction is not enough to constitute a proper objection. Id.
 
 
 5
 If an objection is not made properly, the plain error doctrine applies. Id. Hurtado has not shown that it was plain error for the district court to give the government's proposed jury instruction. The instruction was taken from the Ninth Circuit Model Criminal Jury Instructions, and as discussed below, accurately presented the knowledge requirement inherent in Hurtado's theory of defense.
 
 
 6
 Furthermore, the district court did not err in refusing to give Hurtado's proposed alternative jury instruction. While this court has "not yet decided whether to review a district court's denial of a proposed instruction de novo or for abuse of discretion," United States v. Zuniga, 989 F.2d 1109, 1110 (9th Cir.1993), we have held that the district court "is not required to give a particular instruction regarding the defense's theory of the case so long as the court's instructions adequately cover the subject. If the instructions adequately cover the theory of the defense, there is no error." Id. at 1111.
 
 
 7
 We review de novo whether the district court's instructions adequately covered Hurtado's defense. See id. Hurtado's defense rested on a theory that she did not have knowledge that the purse delivered to the undercover agent contained any kind of prohibited drug, instead believing that it contained jewelry. Her proposed jury instruction departs from the instruction given by the district court, Ninth Circuit Model Criminal Jury Instruction 9.04A (1992), in that it states the knowledge requirement as a third necessary element of the crime.[1]
 
 
 8
 The instruction given by the court adequately presents the theory of defense by stating that the defendant must knowingly possess cocaine or heroin, and that "[i]t does not matter whether the defendant knew that the substance was cocaine or heroin. It is sufficient that the defendant knew it was some kind of prohibited drug."[2] We are not persuaded by Hurtado's argument that this second sentence is confusing and diminished the jury's ability to consider the knowledge requirement. Therefore, the district court did not err in refusing to give Hurtado's proposed instruction on her theory of defense.
 
 
 9
 Hurtado's second contention is that the court erred in giving the Ninth Circuit Model Criminal Jury Instruction on reasonable doubt.[3] Again, Hurtado did not raise any objection to this instruction before the jury retired, nor did she offer any alternative jury instruction. Therefore, the plain error doctrine applies. Williams, 990 F.2d at 511.
 
 
 10
 Hurtado argues that the instruction's statement that a reasonable doubt can be "based upon reason and common sense and may arise from" consideration of the evidence creates an implication that reasonable doubt is an element that must be created by the defense. She therefore argues that this impermissibly shifts the burden of proof to the Defendant. We disagree that this language in any way shifts the burden of proof to the defendant. In United States v. Velasquez, 980 F.2d 1275, 1278-79 (9th Cir.1992), cert. denied, 113 S.Ct. 2979 (1993), this court upheld the use of Ninth Circuit Model Criminal Jury Instruction 3.03. While that challenge was based upon the use of the "firmly convinced" language in the instruction rather than the language objected to here, we approved the use of this instruction. Under the plain error doctrine, it clearly was not reversible error to give the instruction.
 
 
 11
 Hurtado also claims that her sentence of 121 months constitutes cruel and unusual punishment. It is settled in this circuit that ten-year mandatory minimum sentences for first-time offenders do not violate the Eighth Amendment's protection against cruel and unusual punishment. United States v. Hoyt, 879 F.2d 505, 512-14 (9th Cir.), modified on other grounds, 888 F.2d 1257 (9th Cir.1989). The addition of one month does not render the sentence unconstitutional.
 
 
 12
 In this case, the sentence of 121 months was the minimum recommended by the sentencing guidelines. Any review of the district court's refusal to depart from the sentencing guidelines is foreclosed by our decision in United States v. Morales, 898 F.2d 99 (9th Cir.1990). In that case, we held that 18 U.S.C. § 3742(a) precludes appellate review of a district court's discretionary refusal to depart downward from the sentencing guidelines. Id. at 103. Therefore, this court lacks jurisdiction to consider the district court's refusal to depart from the sentencing guidelines.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendants proposed the following instruction:
 Counts Three, Four, Five, and Six of the indictment charge various defendants with possession of cocaine or of heroin with the intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.
 In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyone (sic) a reasonable doubt:
 FIRST: The defendant knowingly possessed cocaine or heroin as charged in the particular count;
 SECOND: The defendant possessed it with the intent to deliver it to another person.
 THIRD: That the defendant in fact knew that the substance was cocaine or heroin or some kind of prohibited drug.
 
 
 [2]
 The government proposed and the district court gave the following jury instruction:
 Counts Three, Four, Five, and Six of the indictment charge various defendants with possession of cocaine or of heroin with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.
 In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
 FIRST: The defendant knowingly possessed cocaine or heroin as charged in the particular count;
 SECOND: The defendant possessed it with the intent to deliver it to another person.
 It does not matter whether the defendant knew that the substance was cocaine or heroin. It is sufficient that the defendant knew that it was some kind of prohibited drug.
 
 
 [3]
 The district court gave the following instruction:
 It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.