Carol STANTON, Petitioner–Appellant,

v.

Janice BENZLER, Acting Warden, Respondent–Appellee.

No. 97–16830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1998.

Decided June 17, 1998.

Sandra Gillies, Woodland, CA, for petitioner-appellant.

Shirley A. Nelson, Deputy Attorney General, Sacramento, CA, for respondent-appellee.

Before: HALL and THOMAS, Circuit Judges, and WHALEY,* District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Petitioner Carol Stanton was convicted by a jury of first degree murder for poisoning her ex-husband. Her ex-husband's body was found with traces of arsenic trioxide in it.

The trial court instructed the jury, pursuant to CALJIC No. 8.81.19, that:

> To find that the special circumstance, referred to in these instructions as murder by administration of poison, is true, each of the following facts must be proved:
>
> First, the killing was intentional; and
>
> Secondly, the defendant committed the murder by the administration of poison.
>
> The word 'poison' means any substance introduced into the body by any means

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

which by its chemical action is capable of causing death.

Arsenic trioxide is a poison.

## I

 Stanton argues that the giving of CALJIC 8.81.19 removed from the jury's consideration the question of whether arsenic trioxide is a poison, thus removing an element of the offense in violation of her federal constitutional rights.[1] While a state is generally free within broad limits to define the elements of a particular offense, once it has defined them, due process requires that the jury be instructed on each element and find each element beyond a reasonable doubt before it can convict. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *United States v. Perez,* 116 F.3d 840, 847 (9th Cir.1997) (en banc); *Eaglin v. Welborn,* 57 F.3d 496, 500 (7th Cir.1995).

Stanton's appeal turns on whether California has defined arsenic trioxide as a poison as a matter of law or has instead left the determination to the jury as an element of the offense to be proven beyond a reasonable doubt. While CALJIC No. 8.81.19 does not itself specify that arsenic trioxide is a poison,[2] it does indicate that the judge is to instruct the jury as a matter of law whether a substance is a poison. The California Court of Appeal, in affirming Stanton's conviction, held that arsenic trioxide is a poison under various other California statutes and thus was not a factual question for the jury to decide.[3]

 This state-law determination—that arsenic trioxide is a poison as a matter of law and is not an element of the offense to be decided by the jury—is not open to challenge on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that "it is not the prov-ince of a federal habeas court to reexamine state-court determinations on state-law questions"); *cf. Jackson v. Virginia,* 443 U.S. 307, 324 n. 16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (indicating that federal courts should avoid "intrusions upon the power of the States to define criminal offenses" by reviewing habeas petitions that allege insufficiency of the evidence in reference to "substantive elements of the criminal offense as defined by state law"). Simply put, there is no federal requirement that a jury determine whether arsenic trioxide is a poison where the state has made only the *administration* of a poison, and not the definition of a poison, an element of the offense. *See Johnson v. Rosemeyer,* 117 F.3d 104, 111 (3rd Cir.1997) (holding that a habeas petitioner was not entitled to relief when "he cites no authority for the proposition that federal law entitled him to the jury instructions ... that he contends should have been given").[4]

Thus, Stanton does not state a claim for which federal habeas relief is available.

 Even if this court could somehow second-guess the California court's determination that, as a matter of state law, arsenic trioxide is a poison, Stanton does not show that this error "had substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *California v. Roy,* 519 U.S. 2, 117 S.Ct. 337, 339, 136 L.Ed.2d 266 (1996) (applying this standard to a claimed omission from a jury instruction). Under this standard, federal habeas relief is warranted only if the record leaves the reviewing court "in grave doubt" as to the effect of the error. *See O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).

In this case, there was never any disagreement among the parties about whether ar-

1. California defines first-degree murder as "[a]ll murder which is perpetrated by means of ... poison, lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing...." Cal.Penal Code § 189.

2. The instruction is identical to the one the judge gave, except that the last line reads: "_____ is a poison."

3. As the magistrate judge held, "the jury could no more determine the legality of California law on this subject of arsenic as a poison, than it could determine the legality of California's status as a state of the United States."

4. Stanton does not contend that state law has been applied inconsistently or unequally in her case.

senic trioxide is or is not a poison. Indeed, Stanton herself testified that she knew that arsenic trioxide was a poison, and the defense referred to arsenic trioxide as a poison throughout the trial proceedings. Stanton does not now contend that arsenic trioxide is not a poison, nor does she present any factual scenario in which the jury could have found that arsenic trioxide was not a poison.

Thus, there can be no "grave doubt" as to the effect of the instruction that arsenic trioxide was a poison on the outcome of Stanton's trial.

## II

Stanton also argues that the trial court erred when it instructed the jury on mental state. The trial court correctly instructed the jury that the mental state required for first degree murder by poison was simply "malice aforethought." The trial court then correctly instructed the jury that the general mental state required for first degree murder was "premeditation and deliberation." The confusion arose when the trial court again instructed the jury, this time stating that "[i]n the crime of first degree murder, the required mental state is malice aforethought."

 Stanton argues that as a result of this last instruction, the jury was allowed to convict based on malice aforethought without finding premeditation and deliberation, thereby removing an element of the offense from the jury. However, the only theory propounded by the prosecution and discussed by the defense was murder by poison, which does not require finding premeditation and deliberation. *See People v. Diaz*, 3 Cal.4th 495, 538, 11 Cal.Rptr.2d 353, 834 P.2d 1171 (1992) (in bank). More importantly, as the California Court of Appeal held, "the jury found true the special circumstance that defendant intentionally killed the victim by administration of poison." *See People v. Carol Jean Stanton*, No. C010628 (Cal. Ct. Appeals, Third Dist., Oct. 5, 1992). Thus, the instructions on deliberation and premeditation "were surplus," and any error made in those instructions was harmless. *Id.* As the magistrate judge noted, given that the jury "*properly* found petitioner guilty of murder

by poison, any error in the alternative murder instructions was irrelevant."

 Thus, because the allegedly defective instruction was irrelevant to the jury's verdict, it could not have had a substantial and injurious effect on that verdict. *See California v. Roy*, 117 S.Ct. at 339.

AFFIRMED.