UNITED STATES of America, Plaintiff—Appellee,

v.

Evelia PENA–LOPEZ, Defendant—Appellant.

No. 00–10435.

D.C. No. CR–00–05041–MDC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Oct. 23, 2001.

Before CANBY, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Evelia Pena–Lopez, a citizen of Mexico, was convicted by a jury of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Pena–Lopez argues that the district court erred in failing to instruct the jury that, in order to convict, it must find that her reentry into the United States was voluntary. She also contends that there was insufficient evidence to support her conviction. Finally, she argues that the district court mistakenly believed that it lacked discretion to grant her a downward departure from her sentencing guideline range. We affirm her conviction but vacate her sentence and remand for resentencing.

■ In *United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000), we held that "the voluntariness of the return is an element of the crime [under 8 U.S.C. § 1326] and, as such, must be proved beyond a reasonable doubt by the prosecution." Therefore, the district court was required to instruct the jury on the issue of voluntariness, and its failure to do so was erroneous. *See Stanton v. Benzler,* 146 F.3d 726, 728 (9th Cir.1998) (noting that due process requires that the jury be instructed on each element of an offense). Consequently, Pena–Lopez's conviction must be reversed unless it is "clear beyond

a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

■ The evidence offered by the government rendered the district court's error harmless even under this high standard. The government established that Pena–Lopez had reentered the United States without permission one month after her deportation, and that an INS agent found her hundreds of miles from the border, two and one-half years after her reentry. During the agent's interview with Pena–Lopez, Pena–Lopez said that she had been "smuggled" back into the United States, but did not indicate that this entry had been effected against her will.[1]

■ This evidence is sufficient to satisfy us beyond a reasonable doubt that the jury would have convicted Pena–Lopez even with the proper jury instruction. While "it is not a 100% certainty that an alien discovered a distance from the border arrived of [her] own volition," *Quintana–Torres,* 235 F.3d at 1200, a rational jury would have recognized that an involuntary reentry was exceedingly unlikely under the facts of this case. Indeed, without any evidence that Pena–Lopez's reentry and subsequent stay had been involuntary, the only reasonable conclusion for the jury to have reached was that Pena–Lopez had voluntarily entered and voluntarily remained in the United States for the two and a half years after her reentry.[2] *See id.* That Pena–Lopez reentered the United States within a month after her depor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the agent was fluent in Spanish, and confirmed with Pena–Lopez everything that she had told him, there is no reason to

believe that there were any communication problems between the agent and Pena–Lopez.

2. A showing that an alien voluntarily remained in the United States after reentry is itself sufficient to satisfy the element of voluntariness, even if the alien's return was involuntary. *Quintana–Torres,* 235 F.3d at 1200.

tation bolsters this conclusion, because it suggests that Pena–Lopez made every effort to return to the United States as quickly as possible after being deported. Pena–Lopez's statement to the agent that she had been "smuggled" into the United States also supports this conclusion, because Pena–Lopez most certainly would have indicated that she had been kidnapped or otherwise subjected to coercion had she been taken back to the United States against her will.[3]

█ We also reject Pena–Lopez's contention that the district court committed reversible error by refusing to instruct the jury on her theory of the case. Although a trial court's refusal to instruct on the defendant's theory of the case can constitute reversible error, the proposed instruction must have some "foundation in the evidence" for the refusal to be erroneous. *United States v. Doubleday*, 804 F.2d 1091, 1095 (9th Cir.1986) (citations omitted). Here, the district court's failure to instruct the jury on Pena–Lopez's theory of the case was not erroneous because, as indicated above, there was not a scintilla of evidence in the record to suggest that her reentry and subsequent stay had been involuntary.

█ With regard to Pena–Lopez's sentence, we are unable to discern from the record whether the district court considered itself free to consider a downward departure for special family circumstances. That ground is not forbidden, so the district court had discretion to consider such a departure. *See United States v.*

*Aguirre*, 214 F.3d 1122, 1126–27 (9th Cir. 2000). In declining to consider at all whether Pena–Lopez's family circumstances were sufficiently unusual to warrant a departure, the district court said that it was "bound" by the guidelines, and said that it didn't "see any reason that the Sentencing Commission hasn't thought of in formulating [the] guidelines." In light of these statements, it is unclear whether the district court believed it had the discretion to consider a downward departure. We therefore vacate the sentence and remand to the district court for resentencing. *See United States v. Dickey*, 924 F.2d 836, 839 (9th Cir.1991) (holding that a remand is proper where it is unclear whether a district court's refusal to depart was an exercise of discretion or was the result of a mistaken legal conclusion). On remand, the district court should exercise its discretion in considering whether Pena–Lopez's unusual family circumstances are present to an exceptional degree. *See Aguirre*, 214 F.3d at 1126–27 (9th Cir. 2000) (holding that courts can depart on the basis of unusual family circumstances if this factor is present to an exceptional degree).[4]

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

**3.** Because the evidence is strong enough to convince us beyond a reasonable doubt that a rational jury would have found Pena–Lopez guilty absent the erroneous jury instruction, the evidence is necessarily sufficient to support her conviction. *Cf. United States v. Parga–Rosas*, 238 F.3d 1209, 1214 (9th Cir.2001) (evidence sufficient to support finding of voluntariness under 8 U.S.C. § 1326 where defendant was found in the United States a

distance from the border and made no showing that her reentry was involuntary).

**4.** Pena–Lopez's argument that her prior conviction should have been alleged in the indictment and proved to the jury beyond a reasonable doubt before being used at sentencing is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2001).