**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**CHIN LEONG LEE, Defendant–
Appellant.**

No. 05–50332.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 26, 2006.*

Filed Dec. 5, 2006.

Mark C. Krause, Esq., USLA–Office of
the U.S. Attorney, Criminal Division, Los
Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA,
for Defendant–Appellant.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See.* Fed.
R.App. P. 34(a)(2).

Before: BRIGHT,** TASHIMA and BEA, Circuit Judges.

## MEMORANDUM ***

A gang of smugglers hired Chin Leong Lee ("Lee") to escort three Chinese aliens to the United States using forged Singaporean documents. Lee contends that he carried out the plot due to threats by the gang against him and his family. A jury convicted Lee of three counts of bringing undocumented aliens into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and three counts of encouraging and inducing aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (B)(i). The district court sentenced Lee to sixty months of imprisonment. Lee appeals his conviction and asserts as prejudicial error the district court's instructions to the jury relating to duress and failure to instruct on the defense of justification. We affirm.

At Lee's trial, the district court declined to instruct the jury on the defense of justification. Instead, the court instructed the jury on the defense of duress, placing the burden on Lee to prove duress by a preponderance of the evidence.[1] Lee argues that the district court erred by failing to instruct the jury (i) on the defense of justification, and (ii) that duress could be established by a showing that Lee's family was threatened. In addition, Lee maintains that the duress instruction unconstitutionally required him to prove the defense of duress.

We review de novo the district court's failure to instruct the jury on a defendant's theory of the case. *United States v. Doubleday*, 804 F.2d 1091, 1093 (9th Cir. 1986)(per curiam). A court does not commit error by rejecting a theory of the case instruction if the other instructions given in their entirety cover the defense theory. *United States v. Kenny*, 645 F.2d 1323, 1337 (9th Cir.1981). Indeed, "[s]o long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir.1985).

■ In a case of justification, the actor's conduct is excused because the conduct imports a social benefit, while in a case of duress, the actor may be excused from his conduct because circumstances overcame his free will. *See* Wayne R. LaFave, *Substantive Criminal Law* § § 1.2(a), 9.1(a)(3), (a)(4), 9.7(a) (2006) (distinguishing justification and excuse defenses). Lee did not argue that he performed a socially beneficial act by carrying out the charged crimes. Rather, he contended

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The district court instructed the jury, in relevant part, as follows:

Duress legally excuses the crime of bringing aliens to the United States and inducing or encouraging aliens to enter the United States. The Defendant must prove duress by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the Defendant seeks to prove are more probably true than not true. A defendant acts under duress only if at the time of their [sic] crime charged, one, there was an immediate threat of death or serious bodily injury to the Defendant if the Defendant did not commit the crime.

Two, the Defendant had a well-rounded [sic] fear that the threat of death or serious bodily injury would be carried out; and, three, the Defendant had to—no reasonable opportunity to escape the threat and harm. Appellant's E.R. at 16.

that he carried out the smuggling under threat of harm from a criminal organization. The duress instruction fairly and adequately addressed the essential aspects of that defense. Therefore, the district court did not err by declining to instruct the jury further on the defense of justification.

■ Lee also argues the district court should have included threats to Lee's family as a form of duress that could excuse him. Since Lee did not object to the district court's failure to include threats to Lee's family in the duress instruction, we review the jury instruction for plain error. *See United States v. Williams,* 990 F.2d 507, 510 (9th Cir.1993).

The district court in Lee's case instructed the jury that duress could arise from threats to the defendant. That the instruction did not include more specific explanation of what could constitute a threat to the defendant does not amount to error. The instruction sufficiently covered Lee's defense theory. *See Kenny,* 645 F.2d at 1337.

Moreover, the threats to Lee's family, if any, were more attenuated and implicit than any threat to Lee. It is unlikely the jury would have determined that threats to Lee's family would amount to duress when it failed to find any duress based on defendant's claim that personal threats forced him to commit his criminal conduct. *See Williams,* 990 F.2d at 512 ("Under the plain error doctrine, '[i]t must be highly probable that the error materially affected the verdict.' ")(internal citation omitted). Lee clearly fails to establish plain error regarding the duress instruction.

■ Lastly, we are unpersuaded that the district court erred by placing the burden on the defendant to show duress. This court has previously upheld an instruction that required a defendant charged with transporting an undocumented alien to prove duress by a preponderance of the evidence, *United States v. Hernandez–Franco,* 189 F.3d 1151, 1158 (9th Cir.1999), and the Supreme Court confirmed this view in its recent decision, *Dixon v. United States,* —— U.S. ——, 126 S.Ct. 2437, 2442, 2447–48, 165 L.Ed.2d 299 (2006) (holding it proper to place the burden of proof of duress on the defendant where the offenses at issue required "knowing" or "willful" conduct).

For the foregoing reasons, we affirm.

AFFIRMED.