**Jimmy Vincent MARISCAL,
Petitioner–Appellant,**

v.

**Calvin A. TERHUNE, Director,
Respondent–Appellee.**

No. 05–16262.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Mark D. Greenberg, Esq., Oakland, CA, for Petitioner–Appellant.

Nanette S. Winaker, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and MOSKOWITZ,** District Judge.

## MEMORANDUM ***

Appellant Jimmy Vincent Mariscal, who was convicted by a jury of second-degree murder, appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

The challenged jury instruction, CALJIC 5.17, accurately stated California law as determined by the California Supreme Court in *In re Christian S.*, 7 Cal.4th 768, 773 n. 1, 30 Cal.Rptr.2d 33, 872 P.2d 574 (1994). Nothing in the California Supreme Court's decision supports Appellant's contention that a defendant who initiated a physical assault, but subjectively believed that the victim was the aggressor, may claim imperfect self-defense.

State courts "are the ultimate expositors of state law," and federal courts are bound by their constructions except in "extreme circumstances," such as where a state court's interpretation of state law appears to be an "obvious subterfuge to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evade consideration of a federal issue." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). There was no "obvious subterfuge" here. It is for the California courts to determine the scope of imperfect self-defense and the circumstances where malice aforethought is deemed to be present or negated. *See Stanton v. Benzler*, 146 F.3d 726, 727 (9th Cir.1998) (explaining that a state is generally free within broad limits to define the elements of a particular offense).

Furthermore, even assuming that the jury instruction was erroneous, the error was harmless. No evidence was presented that Appellant killed the victim in the belief that he needed to defend against imminent peril to life or bodily injury or that Appellant thought that the victim was the aggressor.

AFFIRMED.